```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
SEAN A. CLARK,                                              :
                                                            :
                              Plaintiff,                    :
                                                            :
              - against -                                   :
                                                            :
                                                            :      20-CV-8000 (VSB)
                                                            :
MARK SCHROEDER, NYS                                         :
COMMISSIONER OF DMV,                                        :           ORDER
                                                            :
                              Defendant.                    :
                                                            :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/5/2020

VERNON S. BRODERICK, United States District Judge:

Plaintiff, appearing *pro se*, brings the instant Complaint against the Commissioner of the New York State Department of Motor Vehicles, alleging that Defendant improperly disclosed Plaintiff's driver's license number. (Doc. 1, Compl.)[1] Plaintiff seeks "$600 quadrillion dollars" in monetary damages from Commissioner Schroeder. As discussed further below, the Court hereby dismisses the Complaint *sua sponte* and with prejudice on grounds of Defendant's immunity from suit.

## I. Background

Plaintiff's Complaint seeks damages against Commissioner Schroeder in his official capacity, but does not indicate that Commissioner Schroeder was personally involved in any violation of Plaintiff's rights. On October 20, 2020, the Court directed Plaintiff to show cause as to why his suit should not be dismissed as barred by Eleventh Amendment immunity. (Doc. 5.)

---

[1] "Compl." refers to Plaintiff's Complaint filed September 28, 2020. (Doc. 1.)

On October 23, 2020, Plaintiff filed a response to the Court's Order ("Response").  (Doc. 6, Pl.'s Resp.)[2]  Plaintiff has not yet served a copy of the Complaint and Summons upon Defendant.

## II.     Discussion

### A.     *Immunity from Suit*

The Eleventh Amendment bars actions against state officials sued in their official capacities "where the relief granted would bind the state or where the state is the real party in interest." *Russell v. Dunston*, 896 F.2d 664, 667–68 (2d Cir.1990), cert. denied, 498 U.S. 813 (1990); *McAllan v. Malatzky*, No. 97 CIV. 8291 (JGK), 1998 WL 24369, at *4 (S.D.N.Y. Jan. 22, 1998), aff'd, 173 F.3d 845 (2d Cir. 1999); *see, e.g.*, *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) ("The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents.").  An exception to sovereign immunity exists for claims against government officials seeking prospective injunctive relief.  *See Ex parte Young*, 209 U.S. 123, 155–56 (1908); *see also Henrietta D. v. Bloomberg*, 331 F.3d 261, 287 (2d Cir. 2003).  However, Plaintiff's suit does not fall under this exception, as Plaintiff does not request injunctive relief but instead seeks "$600 quadrillion dollars" in damages.  (Compl. 28.)

Plaintiff's Complaint does not indicate that Commissioner Schroeder was personally involved in any violation of Plaintiff's rights.  Although Plaintiff claims that his driver's license number was leaked, he does not plead facts demonstrating that Commissioner Schroeder bore personal responsibility for this alleged disclosure.  (Compl. 27.)

Nor does Plaintiff's Response address the defects in his Complaint.  Plaintiff's Response merely describes the DMV Commissioner's official role, but does not allege that the

---

[2] "Pl.'s Resp." refers to Plaintiff's response to the Court's Order, filed October 23, 2020.  (Doc. 6.)

Commissioner personally acted or failed to act in such a way as to violate Plaintiff's rights. (Pl.'s Resp. 1.)

Accordingly, Plaintiff's claim for monetary damages against Commissioner Schroeder in his official capacity is barred by the Eleventh Amendment.

### B. *Sua Sponte Dismissal*

"Ordinarily, *sua sponte* dismissal of a *pro se* plaintiff's complaint prior to service being effectuated on the defendants is disfavored." *Rolle v. Berkowitz*, No. 03 CIV.7120 DAB RLE, 2004 WL 287678, at *1 (S.D.N.Y. Feb. 11, 2004) (citing *Lewis v. New York,* 547 F.2d 4, 5 (2d Cir.1976). However, "district courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee." *Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (citing *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000)); *see also Rolle v. Berkowitz*, 2004 WL 287678, at *1 (collecting cases). A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also* 28 U.S.C. § 1915(e). Courts must construe *pro se* pleadings broadly, and interpret them "to raise the strongest arguments that they suggest." *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir.1996) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994)) (internal quotation marks omitted).

Although it is customary upon a motion to dismiss to grant the Plaintiff leave to replead, a court may dismiss without leave to amend "when amendment would be futile." *Rolle v. Berkowitz*, 2004 WL 287678, at *3 (quoting *Oneida Indian Nation of New York v. City of Sherrill*, 337 F.3d 139, 168 (2d Cir.2003) (internal quotation marks omitted).

Applying this rule to the present case, the Court finds that Plaintiff's claim lacks an arguable legal basis because it is barred by the Eleventh Amendment. Further, amendment of

Plaintiff's complaint would be futile. The Court has given Plaintiff opportunity to show cause as to why his claim against Commissioner Schroeder is not barred by the Eleventh Amendment, and Plaintiff has not done so. Accordingly, the Court dismisses the Complaint *sua sponte* without leave to replead.

### III. Conclusion

For the foregoing reasons, Plaintiff's complaint is hereby DISMISSED with prejudice. The Clerk of the Court is directed to enter judgment dismissing the complaint, and close this case.

IT IS FURTHER ORDERED that the Clerk of Court is respectfully directed to mail a copy of this Order to pro se Plaintiff.

SO ORDERED.

Dated: November 5, 2020
       New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge